**FIRST TEXAS STATE INS. CO. v. SMALLEY et al. (No. 6774.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 17, 1915. Rehearing Denied June 16, 1921.)

1. **Insurance** ⬤515—**Provision for payment of one-half benefits for death from stated diseases within one year is prohibited.**

Rev. St. 1911, art. 4742, subd. 3, making void a provision for any mode of settlement at maturity for less than the amount insured on the face of the policy, when construed with the proviso authorizing provisions for partial payments in the event of suicide or engaging in hazardous occupations, prohibits a clause limiting liability to one-half the stated amount of the insurance in the event that insured should die from certain stated diseases contracted within 12 months after the policy was issued, though in a sense such provision fixes the amount shown by the face of the policy.

2. **Constitutional law** ⬤154(3), 206(1), 240 (2), 276, 296(1)—**Insurance** ⬤515—**Legislature can prohibit provisions for payment of less than face of insurance policy.**

It was within the police power of the Legislature to enact Rev. St. 1911, art. 4742, prohibiting provisions in insurance policies for the payment of less than the amount of the benefit stated on the face of the policy, and that statute is therefore not contrary to Const. U. S. art. 1, § 10, or Amendments 5 and 14, nor to Const. Tex. art. 1, § 19, as impairing the obligation of contract and taking away from the parties their right to contract, or taking away privileges and immunities, or depriving of property without due process or denying equal protection of the laws.

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by Katie Smalley and husband against the First Texas State Insurance

Company.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

See, also, 228 S. W. 550.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

Atkinson, Graham & Atkinson, of Houston, for appellees.

LANE, J.  This suit was instituted by appellee Katie Smalley, joined pro forma by her husband, Andrew Smalley, against the First Texas State Insurance Company, a corporation, to recover upon a policy of insurance issued by the appellant upon the life of one Henry Jones, a brother of appellee Katie Smalley, wherein and whereby it is provided that in consideration of a weekly premium of 10 cents paid and to be paid, appellant agreed and promised to pay to appellee Katie Smalley $172 upon the death of the said Henry Jones, subject to the conditions, privileges, and provisions contained therein. · Two of the provisions contained therein, and the only ones necessary to be set out so as to explain the issues involved in this suit, are as follows:

"In event of death of insured resulting from any pulmonary disease, or disease of the heart, kidneys or liver, which had their beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease.

"One-half only of the above sum payable if death occur within six calendar months from date, and the full amount if death occur thereafter."

Appellee also sues to recover 12 per cent. on the sum of $172 alleged to be due on said policy, to wit, $20.64, as damages because appellant refused to pay the amount alleged to be due on said policy, after lawful demand had been made therefor as provided by law, and for $50 for attorney's fee; the aggregate sum sued for being $242.64.

The answer of appellant upon which it relies is substantially as follows:

"For further answer, if such be required, this defendant would show that on or about December 23, 1912, it issued policy No. WL168237 for the principal sum of one hundred and seventy-two ($172.00) dollars on the life of one Henry Jones, the name of the beneficiary being his sister, Katie Smalley.  The defendant shows, that by the conditions of the said policy it is especially provided, that 'in the event of death of insured resulting from any pulmonary disease or diseases of the heart, kidneys or liver, which had their beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease.'  That said provision of the policy was a part of the contract of insurance and was agreed to by the insured at the time the policy was issued and is, therefore, binding upon the beneficiary; that, therefore, under the terms of the contract of insurance this defendant is liable for only one-half ($\frac{1}{2}$) of the amount specified in the policy, which would be eighty-six ($86.00) dollars.

"The defendant would further show to the court that the insured, Henry Jones, died on or about October 25, 1913, of a disease known as pneumonia; that such disease is pulmonary and is included within the provision of the policy above set out; that in the proof of death of the said Henry Jones 'filed with this company it is set forth that he died of pneumonia and that the beneficiary has· not disputed this fact, nor in any way contradicted same; that since the said Henry Jones, within 12 months from the date of the issuance of the policy, died of a pulmonary disease which had its beginning during the first 12 months from the date of the policy, this company is liable for only one-half of the amount specified in the policy, which is eighty-six ($86.00) dollars; that this defendant, through its agent, has heretofore tendered this amount to the plaintiff and her attorney, and they have refused to accept same and still refuse to accept same. This defendant now tenders the same into the registry of this court, and prays that it go hence without day and recover its costs."

Appellee's reply to the special plea of appellant above set out is as follows:

"For supplemental petition, plaintiff says that so much of paragraphs 8 and 9 of defendant's second amended answer, as seeks to reduce the amount of the face of the policy, because the insured died of a pulmonary complaint, should be stricken out of said answer, because said provision in said policy is contrary to law, is in violation of the law of Texas, and is utterly null and void.

"Wherefore, plaintiffs pray that said paragraphs be stricken out, and further they pray as in their original petition."

The case was tried before the court without a jury, and the court entered a judgment in favor of appellees for $175.44, principal and interest due upon said policy of life insurance; for $20.64, being 12 per cent. penalty allowed by law; for $50 attorney's fee, as prayed for—aggregating $246.08—and for costs of suit.

The defendant having requested conclusions of fact and of law by the court, the court made and filed the following:

### "Findings of Fact.

"The court finds that on December 23, 1912, the defendant, First Texas State Insurance Company, issued its whole life policy No. WL168237 on the life of Henry Jones, with plaintiff, Katie Smalley, the sister of said Henry Jones, as beneficiary.  I further find that the amount named in the face of said policy was $172, and that the weekly premium thereon was 10 cents.  I further find that said policy contained the following provisions:

" 'In event of death of insured resulting from any pulmonary disease, or diseases of the heart,

kidneys or liver, which had their beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease.'

"I further find that Henry Jones is dead, and that at the time of his death all premiums were paid, and said policy was in full force and effect, and that he died on or about October 25, 1913. I further find that said Henry Jones died of pneumonia, and that same is a pulmonary disease, and that same had its beginning within the first 12 months of said policy.

"I further find that plaintiff Katie Smalley made out proof of death and made written demand for the payment of said policy more than 30 days prior to the institution of this suit, and that payment of said policy was by defendant refused.    I further find that by reason thereof plaintiff Katie Smalley employed attorneys and brought this suit, and that $50 is a reasonable attorney's fee therefor.    I further find that defendant has never made a lawful tender to plaintiff or her attorneys of any sum whatever.

"I further find that counsel for plaintiff and defendant, in open court, agreed to all the facts hereinabove found, and agreed that the sole question to be determined by this court was a question of law bearing upon the amount of plaintiff's recovery.

"I further find that the defendant, First Texas State Insurance Company, is a life insurance company incorporated under the laws of Texas, and doing business therein and having its principal domicile in Galveston, Galveston county, Tex., and that the policy sued on herein was issued by defendant in the state of Texas and delivered in the state of Texas." .

"Conclusions of Law. .

"I find that the provision in said policy which reduces plaintiff's recovery to one-half of the face of said policy, in the event the insured should die from a pulmonary disease contracted within the first 12 months of said policy, is in contravention of subdivision 3 of article 4742 of the Revised Statutes of the State of Texas, which provides that no policy of life insurance shall contain any provision for any mode of settlement at maturity of less value than the amount on the face, except in case of death of insured by his own hand while sane or insane, or by following stated hazardous occupations. I therefore find that the provision in said policy is void and of no effect, and find for the plaintiff for the full amount sued for."

There was no exception taken to finding of facts of the court.  In fact, such finding is agreed to be correct by both parties; but appellant insists that the court erred in his conclusions of law and assigns the following errors:

First. "The judgment is contrary to law and the evidence in that the policy of insurance sued on expressly provides that, should the insured die from any disease of a pulmonary character within the first 12 months from the date of the policy, the company would pay only one-half of the amount that would otherwise be due on the policy in consequence of death from any other disease; that the undisputed facts showed that the insured died 10 months from the date of the policy and that he died from pneumonia, a disease of pulmonary character which had its beginning within the first 12 months from the date of the policy."

Second. "The court erred in its conclusion of law in holding that the Revised Statutes of 1911, art. 4742, subd. 3, rendered null and void the provision of the policy of insurance to the effect that:

" 'In event of death of insured resulting from any pulmonary disease, or diseases of the heart, kidney or liver which had their beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease.'

"Because said statute does not apply to the case herein, for the reason that no mode of settlement was provided for in the policy, and the clause as above set out was nothing more than a contract of insurance placing a valid limitation of the liability of the company of the amount payable in the event that the insured should die within the first 12 months from the date of the policy and his death should result from certain named diseases."

Third. "The court erred in its conclusion of law in holding that the Revised Statutes of 1911, art. 4742, subd. 3, rendered null and void the provision in the policy to the effect that:

" 'In event of death of insured resulting from any pulmonary disease, or diseases of the heart, kidneys or liver, which had their beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease.'

"Because said statute is unconstitutional and is a law impairing the obligation of contracts and takes away from the parties their right to contract and is in direct contravention of article 1, § 10, cl. 1, of the Constitution of the United States."

Under the first two of its assignments appellant makes the following propositions:

First. "The provision in the policy providing for the payment of one-half of the largest amount mentioned in the policy in the event the assured died of a pulmonary disease having its inception within a certain time does not contravene section 3 of article 4742, because the stipulation in the policy is not a provision for any mode of settlement at maturity for less value than the amounts insured on the face of the policy; the stipulation in the policy is one of the provisions of the policy, showing what the 'amounts insured on the face of the policy' are."

Second. "Under the amounts insured on the face of the policy, the beneficiary was not entitled to collect from the insurance company more than eighty-six ($86.00) dollars; the sum of eighty-six ($86.00) dollars was the amount for which the deceased was insured, under the facts and circumstances of this case."

We cannot agree to either of appellant's propositions.  Article 4742, Revised Civil

Statutes of 1911, in so far as it relates to the question here involved, reads as follows:

"No policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains any of the following provisions: * * *

"(3) A provision for any mode. of settlement at maturity for less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may by the terms of the policy be deducted; provided, that any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations."

[1] We understand from the law above quoted that it prohibits any life insurance company from either issuing or delivering, in this state, any life insurance policy which provides for the payment of less value than the amount stated on the face of the policy, upon the death of the insured, except in case of the death of the insured by his own hands. But in ·the latter case a policy may provide for a benefit less than the full benefit shown by the face of the policy, and only in such case. The proviso in the article quoted "that any company may issue a policy promising a benefit less than the full benefit" in case of the death of the insured by his own hands, etc., being included in the same article, we think clearly indicates what is meant by the words or phrase preceding it in the same clause, to wit, ."a provision for any mode of settlement at maturity for less value than the amount insured on the face of the policy," and clearly comes under the rule of expressio' unius est exclusio alterius.

The argument in appellee's brief, we think, clearly presents our views on the question at issue, and we have adopted the same.

"If we are to expunge from this statute the exceptions mentioned, and look merely to the words 'amounts insured on the face of the policy,' it might well be said that the policy in question does not contravene the statute. And if we were extremely hypercritical, it might also be said that the words 'face of the policy' might mean the physical face of the policy, instead of the everyday common sense meaning of the word 'face' as applied to any instrument evidencing a liability.

"But when we look at this statute in its entirety, and when we see and consider the exception, which provides that ·in only two instances can a life policy be issued which provides for the payment of a less amount than the full benefit, it becomes an absolute certainty that this provision of the policy in question contravenes this statute.

"The Legislature had some object in view in enacting this law. If it had in mind that a company could issue policies providing for payment of less than the full benefit in all cases and contingencies, merely by placing such provisions on the physical face of the policy, then why pass the statute? The companies, in the absence of the statute, had that right already, and why this proviso? And further, if such was the intention of the Legislature, the act places it in the power of the companies, merely by incorporating such provisions on the physical face of the policy, to render the statute of no effect.

"On the other hand, if the Legislature had the intention to stop the collection of full premiums on 'catch' policies like this one, which practically prohibits full payment, by reason · of the many vital organs covered, or if it had in mind that, notwithstanding such provisions, the company should nevertheless pay the full benefit, in all candor and common sense, we do not see how such intention could have been more clearly expressed. There can be no question, hypercritically or otherwise, as to the meaning of the words 'full benefit.'"

We therefore conclude that the court did not err in finding that the provisions in the policy which attempt to reduce appellee's recovery to one-half of the amount given on the face of the policy is in contravention of subdivision 3 of article 4742 of the Revised Statutes of Texas, supra.

Counsel for appellant has cited in their brief several authorities as supporting the · contention of appellant that such clause as that in the policy sued on in this case, which provides for payment of less value than the amount insured on the face of the policy, is enforceable in this state, notwithstanding the provision of article' 4742, herein quoted.

We do not think any of them support this contention, as none of them indicate even remotely that the states in which the decisions were rendered had any law similar to article 4742, R. S. 1911, and are therefore not applicable to the facts of this case.

[2] Appellant's third and fourth assignments of error insist that the trial court erred in concluding and holding that article 4742, R. S. 1911, renders null and void the provisions in the policy of insurance to the effect that—

"In the event of death of insured resulting from any pulmonary disease, or diseases of the heart, kidney or liver, which had its beginning during the first twelve months from the date of this policy, then the liability of the company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease"

—because said statute is unconstitutional; that it impairs the obligation of contract and takes away from the parties their right to contract, and therefore is in direct contravention of article 1, § 10, of the Constitution of the United States; that it contravenes the Fifth and Fourteenth Amendments of said Constitution, which grants to all citizens their privilege and immunities, and prohibits any state from depriving any person of life,

liberty, or property without due process of law, nor deny any person within its jurisdiction the equal protection of the law; that it also contravenes article 1, § 19, of the Constitution of the State of Texas.

Mr. Cooley, in his valuable work on Constitutional Limitations, says:

"The constitutionality of such laws, as a valid exercise of police power, has often been sustained, and indeed rarely questioned." Cooley, Const. Lim. 283 and 579.

We think that as a matter of public policy, and in the interest of the public welfare of the people, the Legislature under its police powers has the right under the Constitution of this state, and of the United States, to declare that insurance companies issuing life policies in this state shall not place in their policies a provision such as the one held by the court below to contravene the law of this state. See Whitfield v. Ætna Life Ins. Co., 205 U. S. 489, 27 Sup. Ct. 578, 51 L. Ed. 895.

"The police powers of this state extend to the protection of all lives, health, comfort and quiet of all persons and the protection of all property within the state, and the mere facts that a law necessary for the welfare of society, regulates trade or business, or to some degree operates as a restraint thereon, does not make it unconstitutional." 8 Cyc. 864.

The authorities cited are so conclusive as to the constitutionality of the third section of article 4742, R. S. of 1911, so often referred to in this opinion, that we deem it unnecessary to further comment on this point.

There appearing no error in the record, the judgment of the court below is affirmed.

Affirmed.