FIRST TEXAS STATE INS. CO. v. BELL.
(No. 1565.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1916. Rehearing Denied March 9, 1916.)

1. INSURANCE ⬤⟿515—LIFE INSURANCE—DEFERRED RISK—STATUTE.

Under Rev. Civ. St. art. 4742, subd. 3, declaring that no policy of life insurance shall be issued providing for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividends, and less any indebtedness on the policy, etc., a stipulation in a policy, that if insured should die from heart disease within one year from its date the insurer's liability would be limited to one-fourth of the principal sum named, was unenforceable and presented no defense to a claim for the full amount of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1300–1302; Dec. Dig. ⬤⟿515.]

2. APPEAL AND ERROR ⬤⟿1064(2)—HARMLESS ERROR—STATUTORY DEFENSE.

In an action on a policy of life insurance, a charge, assuming that there was no evidence that the deceased had died from heart disease under conditions making a provision of the policy for the payment of only a quarter of the principal sum applicable, was harmless, where the testimony was not sufficient to support a finding upon the issue in the insurer's favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4221, 4222; Dec. Dig. ⬤⟿1064(2).]

Appeal from Harrison County Court; Geo. L. Hufman, Judge.

Action by Sam Bell against First Texas State Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Bibb & Bibb, of Marshall, for appellant. Cary M. Abney and M. M. O'Banion, both of Marshall, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for the sum of $187.50, the balance due upon a policy of life insurance. It appears from the evidence that the appellant had issued a policy of insurance upon the life of Ella Bell for $250, in which the appellee was named as the beneficiary. There was a stipulation, however, containing, in substance, the following provision: That if the insured should die from cancer, pulmonary disease, or any disease of the heart, and certain other diseases, or that any such disease contributed to cause the death of the insured within one year from the date of the policy, the liability of the company was to be limited to one-fourth of the principal sum named. It was alleged by the appellant in its defense that Ella Bell, the insured, died within one year from the date of the policy of a disease of the heart, and therefore the appellee was not entitled to receive more than $62.50, one-fourth of the face of the policy. The only defense presented on this appeal is a settlement with the appellee under the terms of the provision above referred to. It appears that he had accepted $62.50 at one time in full settlement of his claim against the company. It was alleged by him in his petition that this settlement was brought about through ignorance on his part, and fraud on the part of the company; that the provision of the policy which authorized it was void because in contravention of a statute of this state. The sufficiency of the evidence to sustain these averments of fraud in procuring the settlement is not questioned on this appeal.

[1, 2] The first error assigned complains of a portion of the court's charge, which in effect assumed that there was no evidence

tending to show that the deceased had died of a disease of the heart under conditions which made the clause of the policy above referred to applicable. The third subdivision of article 4742 of the Revised Civil Statutes condemns stipulations of that character. That article was fully discussed and applied by Associate Justice Lana in First State Ins. Co. v. Smalley, 185 S. W. ——, not yet officially reported. It is there held that such provisions are not enforceable and present no defense to a claim for the full amount of the policy. We deem further discussion of that subject unnecessary. But the state of the evidence in this case is such that, even in the absence of such a statute, the charge was harmless, because the testimony was not sufficient to support a finding upon that issue in appellant's favor.

The second assignment of error complains of that portion of the court's charge which permitted a recovery of attorney's fees and 12 per cent. damages. It is contended that the evidence was insufficient to authorize the submission of that issue to the jury. We have examined the evidence, and agree with the trial judge that the issue was raised by the evidence.

The judgment is, accordingly, affirmed.