### RICHMOND v. PROVIDENT INS. CO.

No. 13315.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 14, 1936.

H. C. Ford, of Dallas, for appellant.

R. R. Robertson, of Dallas, for appellee.

DUNKLIN, Chief Justice.

The Provident Insurance Company was incorporated under the provisions of chapter 6, title 78, Rev.Civ.Statutes of 1925 (article 4784 et seq.), for the purpose of transacting the business of accident insurance upon the mutual assessment plan without capital stock. It issued to Edward Ray Elliott a policy of insurance stipulating payment of $1,000 to James E. Richmond, the benficiary named, in the event of accidental death of the insured, and of $300 in the event of his natural death, with this further provision: "If any claim occurs during the first six months after this policy has been issued, or within six months after the date of any reinstatement, the maximum amount due shall be 10 per cent of the amount otherwise payable and shall increase ten per cent each ninety days thereafter."

The policy was issued February 1, 1934, and the insured died a natural death on May 10, 1934, which was well within the six months stipulated period.

James E. Richmond instituted this suit against the insurance company to recover the sum of $300 stipulated in the policy, and from a judgment allowing him only $30, 10 per cent. of that amount, he has appealed.

The statement of facts shows that the premiums owing by the insured were all paid and due proof made of his death as required by the policy. And according to stipulations in the record and in appellant's brief, the only question presented for our determination is whether or not the stipulation for payment of only 10 per cent. of the amount named on the face of the policy for natural death is forbidden by subdivision 3 of article 4733, chapter 3, title 78, Rev.Civ.Statutes of 1925. That article and subdivision read:

"No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company incorporated under the laws of this State, if it contains any of the following provisions: * * *

"3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by ·his own hand while sane or insane, or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. No foregoing provision relating to policy forms shall apply to policies issued in lieu of, or in exchange for, any other policies issued before July 10, 1909."

If that subdivision does not expressly except from its provisions accident policies, such as the one in controversy, we believe it clear that it can have no application to the policy in controversy in this suit, since no such provision is to be found in chapter 6, title 78, and since in the concluding portion of article 4788 of that chapter it is expressly provided that corporations issuing mutual assessment accident insurance "as contemplated by this chapter, and shall be subject only to the provisions of this chapter." To that effect are the following decisions: International Travelers' Ass'n v. Bettis (Tex.Civ.App.) 52 S.W.(2d) 1059 (writ refused); Alamo Health & Accident Insurance Co. v. Cardwell (Tex.Civ.App.) 67 S.W.(2d) 337 (writ dismissed).

First Texas State Insurance Co. v. Smalley (Tex.Civ.App.) 233 S.W. 314; First Texas State Insurance Co. v. Bell (Tex. Civ.App.) 184 S.W. 277; American National Insurance Co. v. Hawkins (Tex.Civ. App.) 189 S.W. 330, and American National Insurance Co. v. Dixon (Tex.Civ. App.) 231 S.W. 165, cited by appellant, enforcing the provisions of subdivision 3 of art. 4733 are not in point, since they involve life insurance policies within the meaning of article 4733 and not accident insurance covered by chapter 6, title 78, of the statutes.

The judgment of the trial court is affirmed.