## PHYSICIANS HEALTH & ACCIDENT INS. CO. v. SHEPPARD.

### No. 5192.

Court of Civil Appeals of Texas.

Texarkana.

April 28, 1938.

Simmons & Arnold, of Houston, for appellant.

Ramey A. Smith, of Sulphur Springs, for appellee.

JOHNSON, Chief Justice.

This suit was instituted by appellee, William A. Sheppard, against appellant, Physicians Health & Accident Insurance Company, to recover on a policy of health and accident insurance issued and delivered by appellant to appellee. Plaintiff's petition alleges that in consideration of the payment of certain dues and premiums defendant issued its certificate of health and accident insurance wherein defendant promised to pay certain stipulated amounts for the loss of certain limbs, phalanges, including the loss of fingers; and alleging that on the first day of November, 1935, plaintiff suffered an injury by accidental means whereby he lost a finger, or phalange, by gunshot wounds; and prayed for recovery in amount of $250. Plaintiff further prayed for recovery of $75 attorney's fees and $30 statutory penalties. Defendant answered by general demurrer, special exceptions, and a general denial. The answer also contained a special plea to the effect that the policy was issued, delivered and dated October 20, 1935, and that by the express terms of the policy it insured only against loss for injuries sustained after fifteen days from the date of the policy, and that according to plaintiff's pleadings and the facts, plaintiff's injury was sustained within, and not after, fifteen days from date of the policy, and that by reason thereof no liability was shown against defendant. Defendant's demurrer and exceptions were overruled, to which action of the court it duly excepted. After close of the evidence defendant moved the court to peremptorily instruct a verdict for defendant. The motion was overruled and defendant excepted. Upon findings of the jury in answer to special issues, judgment was rendered for plaintiff in the sum of $250, together with $75 attorney's fees and $30 penalties. From an order overruling its motion for new trial defendant has appealed.

Appellant's first proposition complains of the action of the trial court in overruling its motion for a directed verdict, because the policy sued on only insured against injury sustained after · fifteen days from date of the policy and the evidence failed to show that appellee's injury was sustained after fifteen days from the date of the policy, but to the contrary, affirmatively showed without dispute that such injury was sustained within fifteen days from the date of the policy.

The pertinent terms of the policy read: "Physicians Health & Accident Insurance Company of Houston * * * hereby insures Wm. A. Sheppard * * * against loss resulting from bodily injury or disease sustained or contracted directly, independently and exclusively of all other cause, after fifteen days from date hereof, subject to the terms and provisions and limita-

tions on pages 1; 2, 3, and 4 in this policy." The policy was dated October 20, 1935.

Appellee's petition alleges that he sustained his injury on or about November 1, 1935. The only evidence introduced upon trial of the case as to date of the injury is that contained in the affidavit of appellee of his attending physician in making proof of loss submitted to the Insurance Company as a basis for appellee's claim, and in appellee's testimony upon trial of the case, shown below. In his sworn proof of loss submitted to the Insurance Company appellee testified:

"Q. When did the injury occur? A. November 1, 1935; hour 11:00 A. M.

"Q. Give name and address of attending physician. A. Dr. W. W. Long; Long Hospital, Sulphur Springs, Texas. .

"Q. On what date were you first treated by physician? A. November 1, 1935.

"Q. Where? A. At Long Hospital."

In the affidavit of the attending physician to proof of loss, Dr. W. W. Long testified:

"I have known Mr. Wm. A. Sheppard for 27 years, and was first called to attend him on the 1st day of November, 1935.

"Q. When was he injured? A. On 1st day of November, 1935, at 11:00 o'clock A. M.

"Q. If absolutely, totally disabled, between what dates was he so disabled? A. From November 1st to present.

"Q. What operation, if any, was performed? A. Amputation Nerto Corps Phalangeal.

"Q. When? A. November 1st.

"Q. Where? A. My office.

"Q. By whom? A. W. W. Long."

On trial of the case appellee testified as a witness for himself on direct examination as follows:

"Q. Did you notify the Insurance Company after you shot your finger? A. Yes.

"Q. About what date? A. About the 1st day of November.

"Q. Did you say it was on the 1st or on the 3rd of November? A. Could have been the 3rd—I do not remember what date it was.

"Q. But you did notify the Insurance Company along about the 1st of November? A. Yes.

"Q. Did you receive a letter from the Company—did you have any communica-tion with the Company after you mailed the blanks back properly filled in? A. Yes, the Company said I had not had the policy long enough."

On cross examination appellee testified:

"Q. Now, Mr. Sheppard, you testified on direct examination that you shot off your finger—now on or about what date? A. It was about the 2nd day of November.

"Q. Are you sure it was not the 1st day of November? A. I don't remember the exact date.

"Q. After the letter was written to the Insurance Company you received a claim-ant's blank? A. Yes.

"Q. I will show you two instruments—state whether or not they are the ones you received from the Company. A. Yes.

"Q. Did you fill them out yourself? A. No. Mr. Thornton filled them out for me. Mr. Thornton is a lawyer here in town.

"Q. You gave him the information and he filled in the blanks? A. Yes.

"Q. You swore to the same before a notary public? A. Yes.

"Q. You state in this instrument you were injured on the 1st day of November, 1935,—is that true? A. Yes."

It appears from the evidence without dispute that appellee sustained his injury within fifteen days from the date of the policy. According to the express terms of the policy, appellee was insured only against loss resulting from injury sustained or contracted after fifteen days from date of the policy, and was not insured against loss resulting from injury sustained within fifteen days from the date of the policy. Hence, no liability was shown and a directed verdict should have been granted. American Nat. Ins. Co. v. Roberts, Tex. Civ.App., 146 S.W. 326; Brownwood Benev. Ass'n v. Maness, Tex.Civ.App., 30 S.W.2d 1114; Banks Sav. Life Ins. Co. v. Milan, Tex.Civ.App., 70 S.W.2d 294; Home Benefit Ass'n v. Robbins, Tex.Civ.App., 34 S.W.2d 329; Richmond v. Provident Ins. Co., Tex.Civ.App., 91 S.W.2d 1180; South-western Casualty Co. v. Leach, Tex.Civ. App., 98 S.W.2d 1016; Texas Prudential Ins. Co. v. Wiley, Tex.Civ.App., 80 S.W. 2d 1024; Washington Nat. Ins. Co. v. Craddock, Tex.Com.App., 109 S.W.2d 165, 113 A.L.R. 854.

Judgment of the trial court will be reversed and judgment here rendered for appellant.