## HELM v. RESERVE LIFE INS. CO.
### No. 12182.

Court of Civil Appeals of Texas. Galveston.

March 30, 1950.

Rehearing Denied June 1, 1950.

Tod Adams, Crockett, Adams & Morgan, Crockett, of counsel, for appellant.

Joe Bailey Humphreys, Humphreys & Julian, Crockett, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court of Houston County, sustaining the special exceptions of the appellee insurance company to the appellant's declarations of a cause of action against it on a hospital and surgical insurance policy it had issued to him on February 16th, of 1948, and dismissing his suit.

He attached the policy in full to his trial petition, only declaring, however, upon the consequences of a heart attack, which he alleged he had suffered on August 11th, of 1948.

In other words, he thus specifically limited his claimed benefits under the policy to the consequences he had allegedly suffered from the heart attack, which he declared had occurred less than six months after the effective date of the policy he sued upon.

He further undertook to plead that he had been misled into accepting the policy originally by the representations of appellee's authorized agent at the time, who, to quote that averment, "told him in effect and represented to him that said policy did and would cover any sickness originating 15 days after the date of the policy and which did not result in a surgical operation."

Without undertaking to set out more of appellant's detailed averments, his controlling ones were these:

"The Insuring Clause" provides that the Company "Hereby insures the Applicant, first named in the following Schedule A, herein called the Insured, * * * and will pay, subject to all provisions and limitations herein contained, the indemnities provided herein.

"(a) * * *

"(b) for loss caused by hospital and other specified expenses, resulting from sickness, the cause of which originates while the policy is in effect and more than fifteen days after the date hereof, hereinafter referred to as such sickness (except that sickness resulting in a surgical operation shall be covered only if the cause thereof originates more than six months after the date hereof)."

Part 9, "Limitations and Exclusions" of the policy provides: "4. Tuberculosis, heart disease, or any sickness which results in a surgical operation, shall be covered only if the cause thereof originates after this policy has been in force for six months or more from this date of issue hereof."

Upon the groundwork so undisputedly laid below, appellant, who was the plaintiff there, thus in his brief on appeal very succinctly and clearly states his whole contention in the cause, to wit: "Plaintiff alleged that Mr. Helm had a heart attack on August 11, 1948, at which time the policy had not been in effect for a period of six months; that such sickness did not result in any surgical operation. He sues herein for his hospitalization expenses and other expenses covered by the policy which arose from 'such sickness'; plaintiff's claim is not excluded by sub-paragraph 4 of Part

568

9; that at most such exclusion is ambiguous and subject to two constructions; that if given the construction contended by the Company, it conflicts with the Insuring Clause."

As presaged in the foregoing recitations, the special exceptions of the appellee to appellant's so predicated cause of action were to this effect: " * * * said petition shows on its face that the heart attack alleged in paragraph 2 thereof was not insured under the terms of the contract sued upon * * *; that the language (referring to that just quoted as to the agent's representations) does not constitute a cause of action when taken together with the entire petition; said language and allegation is but a conclusion of the pleader; said language and allegation is highly prejudicial and inflammatory; said language and allegation is contradictory to the contract sued upon by Plaintiff and made a part of his Petition."

This court is constrained to hold that the trial court did not err in so sustaining the quoted special exceptions, and in dismissing the suit.

 The appellant, having declared upon an insurance contract that contained specifically a waiting period of six months, was not only bound thereby, but our courts, with one voice, so far as this court is advised, have sustained such a provision as being well within the contracting power of such an insurance company. Physicians Health & Accident Insurance Co. v. Sheppard, Tex.Civ.App., 118 S.W.2d 370; Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668.

In other words, as in the cited Sheppard case, appellant was insured only against losses resulting from sickness, the cause of which originated ·after six months from the date of the policy, and was not insured against losses, the cause of which resulted within six months from the date of the policy.

Extended discussion of the matter is forborne, because, as seems to this court, appellant, under' quoted paragraph 4, of Part 9, of "Limitations and Exclusions", being bound by the policy as written, pled himself out of court under its express terms. Indeed, the careful wording and punctuation of quoted paragraph 4, Part 9, seems to leave little, if any, doubt that the trial court correctly construed its meaning.

 Neither could he invoke the contrary assurances from the soliciting agent, who sold him the policy, because, as indicated, he, by his suit, affirmed and declared upon the policy as a binding contract, and sought by claimed construction thereof as written to escape liability thereunder.

 Moreover, he did not allege that the contract did not contain the true agreement of the parties; wherefore, he could not "blow hot and cold" with reference to its effectiveness at the same time. Dillon v. General Exchange Insurance Corp., Tex. Civ.App., 60 S.W.2d 331.

These conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.