648

PREFERRED LIFE INSURANCE COM-
PANY, Appellant,

v.

Luther M. HOLLAND et ux., Appellees.

No. 5067.

Court of Civil Appeals of Texas.
Beaumont.
April 14, 1955.

Musselwhite & Thompson, Lufkin, Alto B. Cervin, Dallas, for appellant.

Charles K. Ruth, Lufkin, for appellees.

WALKER, Justice.

The policy sued upon indemnifies appellees against certain medical expenses but it excepts certain risks from appellant's promise by the following provision:

"Tuberculosis, cancer, abdominal hernia or rupture, or any disorder of the biliary tract, any disease of the heart, blood, or circulatory system or any sickness which results in a surgical operation listed under part 4, or sickness which results in any other surgical operation, shall be covered only if the cause thereof originates after this policy has been in force for the preceding six months."

The appellee Mrs. Holland has pulmonary tuberculosis. Diagnosis that she had this disease was made during the first 6 months in which the policy was in force, and afterward but during this 6 months she received treatment in a sanitarium for this disease; and treatments of the disease have continued since she was discharged from the sanitarium. Appellees have brought this suit on the policy to recover the costs of these treatments.

Appellees argue that the provision for exception which we have quoted does not except tuberculosis from the appellant's promise to pay unless this disease results in an operation, and they say that no operation was performed on Mrs. Holland. There may be a question, whether Mrs. Holland actually received an operation, but it is not material. We overrule the appellees' contention and hold that the provision does except tuberculosis from the appellant's promise to pay unless this disease originates after the period mentioned in the provision for exception, regardless of whether the disease does or does not result in or cause an operation.

Accordingly, appellant is not liable to appellees for the items in suit for Mrs. Holland's disease plainly originated before the expiration of the period mentioned in the provision for exception. Helm v. Reserve Life Ins. Co., Tex.Civ.App., 230 S.W.2d 566. Point 1 is sustained. The judgment of the trial court is reversed and judgment is here rendered in appellant's behalf, that appellees take nothing.