LEGAL SECURITY LIFE INSURANCE
COMPANY, Appellant,

v.

John GILCREASE, Appellee.

No. 3906.

Court of Civil Appeals of Texas.

Waco.

Oct. 12, 1961.

Douglas E. Bergman, John W. Hicks, Jr., Dallas, for appellant.

J. T. Maroney, Jr., Lufkin, for appellee.

McDONALD, Chief Justice.

Plaintiff· sued defendant Insurance Company to recover ·benefits under a hospitalization and surgical indemnity insurance policy, for expenses of hospital confinement and hysterectomy surgery operation of plaintiff's wife.

Trial was before the court without a jury, which after hearing rendered judgment for plaintiff for $533.32.

Defendant Insurance Company appeals, contending that the Trial Court erred in rendering judgment for plaintiff, for the reason that the claim of plaintiff was based on an illness that came within the exclusions and limitations of the policy.

The proof showed that plaintiff made written application for an insurance policy with defendant company. During the discussion with defendant's agent, it developed that there were certain waiting periods set up in the policy which rendered the policy ineffective for certain periods after it was taken out. The agent told plaintiff that for an additional premium he could effect a waiver of such waiting periods. Plaintiff paid the additionally required premium and the agent wrote on the face of the application, *"waiver of waiting period"*. Thereafter, defendant issued plaintiff the policy sued on. Such policy contained in the insuring clause the following:

"(b) (The Company will pay for expenses) resulting from sickness the cause of which originates while this policy is in force and more than 15 days after the date hereof, hereinafter referred to as such sickness (except that sickness resulting in surgery shall be covered only if the cause hereof originates more than 6 months after the effective date of the policy)."

The Insurance policy further provided:

*"Limitations and Exclusions*

" * * * (3) loss or disability incident to which any of the organs not common to both sexes are treated, removed, or repaired shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding 10 months * * *."

Such policy further had a "Rider" attached which provided as follows:

"It is understood and agreed, in consideration of an extra premium, that the 15 day and 6 months' waiting periods, outlined in Section (b) of the insurance clause, are hereby waived and this policy shall be in benefit for

sickness from the effective date hereof, provided such sickness has its origin after the effective date of the policy. In no event does this policy cover pre-existing disabilities, and this supplement does not otherwise waive, extend, or change any of the terms, conditions, limitations or exclusions of this policy except as herein stated."

It is obvious from the foregoing that the Rider waived the 15 day and 6 months' waiting periods provided for in Section (b) of the insuring clause, but in no manner affected the limitations and exclusions provision that the policy must be in effect for 10 months before loss or disability arising from organs not common to both sexes is involved. At the trial the parties stipulated that the surgical operation performed on plaintiff's wife was the result of an affliction of an organ not common to both sexes.

Plaintiff testified that the defendant Insurance Company's agent assured him that all waiting periods would be waived and insists that the notation on the application *"waiver of waiting period"* establishes that it was in fact the contract of the parties that there be no waiting periods.

█ We cannot agree with plaintiff's contentions. The "Limitations and Exclusions (3)" is clear and unambiguous that for benefits to accrue as the result of loss or disability involving organs not common to both sexes, that the policy must have been in continuous force for 10 months. The parties agree that plaintiff's wife's disability falls in this category. There was no "waiver" or "rider waiver" covering this provision.

█ The language used being plain and unambiguous, the contract of insurance must be enforced as made. Home Ins. Co. v. Rose, 152 Tex. 222, 255 S.W.2d 861; Preferred Life Ins. Co. v. Holland, Tex.Civ. App., 280 S.W.2d 648 (n. w. h.); Helm v. Reserve Life Ins. Co., Tex.Civ.App., 230 S.W.2d 566 (n. w. h.); United Am.

Ins. Co. v. Pittillo, Tex.Civ.App., 308 S.W. 2d 241, 245 (n. w. h.). In the Pittillo case, supra, this court in an almost identical factual situation as the instant case, said:

"It is indeed regrettable that the insured did not obtain in this policy the coverage that he believed he was paying for, but since the evidence is without dispute that appellee failed to bring himself within the limitation and exclusion clause of the policy, he cannot recover, * * *".

It follows that defendant Insurance Company's point and contention is sustained, and the judgment of the Trial Court is reversed and judgment is here rendered that plaintiff take nothing. Reversed and rendered.