## LEGAL SECURITY LIFE INSURANCE COMPANY, Appellant,

### v.

### Alton ALLEN, Appellee.

### No. 16285.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 26, 1962.

Rehearing Denied Feb. 23, 1962.

Douglas E. Bergman and John W. Hicks, Jr., Dallas, for appellant.

Fields & Fields and Robert H. Fields, Athens, for appellee.

RENFRO, Justice.

Plaintiff Allen sued Legal Security Life Insurance Company to recover benefits under a hospitalization and surgical indemnity insurance policy for expenses incurred by reason of surgery and hospital care for plaintiff's wife. From an adverse judgment the defendant appealed.

On May 11, 1960, the following surgery was performed on Mrs. Allen: appendectomy, uterine suspension, salpingectomy, posterior repair.

Defendant denied liability by reason of sub. (3) of Sec. 2 of the policy under "Limitations and Exclusions", which reads: " * * * loss or disability incident to which any of the organs not common to both sexes are treated, removed or repaired shall be

covered only if the cause thereof originates after this policy has been in continuous force for the preceding ten months; * *." At the time of surgery the policy had not been in force ten months.

The ten months' waiting period did not apply to appendectomy.

The trial court found that all the hospital and surgical expenses incurred were incurred as a result of the appendicitis and the appendectomy surgical operation and that there was no loss or disability incident to which any of the organs not common to both sexes were treated, removed or repaired.

Dr. Holt testified that he saw Mrs. Allen about May 10, 1960, and diagnosed her complaints as appendicitis. He did remove her appendix and the specimen was termed by pathological findings as periappendicitis, which means subacute appendix. As plaintiff's family physician he knew Mrs. Allen needed a "little corrective work inside, which was done." Infection of the appendix had not spread anywhere. The only charge made was for the appendectomy. He cut into the patient's abdominal area for appendicitis. Her length of stay in the hospital and expenses would have been the same had the corrective surgery not been done.

Defendant relies strongly upon the holding in Legal Security Life Ins. Co. v. Gilcrease, Tex.Civ.App., 351 S.W.2d 263, wherein the court held that the same "Limitations and Exclusions" clause as heretofore set out precluded plaintiff from recovery because the policy had not been in effect ten months. In that case, however, the parties stipulated that the surgical operation performed on plaintiff's wife was the result of an affliction of an organ not common to both sexes.

■ In the instant case the evidence supports the trial court's findings that the doctor performed an appendectomy on plaintiff's wife and that all the expenses incurred were incurred as a result of such appendectomy and following hospitalization therefor. The appendectomy was separate and apart from the corrective surgery on the female organs of plaintiff's wife. There was no connection between the appendectomy and the other surgery. The operation for appendicitis did not necessitate any of the others.

Defendant makes no contention it would not have been liable for expenses incurred by plaintiff for the appendectomy if surgery had not been performed also on organs not common to both sexes.

■ Under the record we hold that plaintiff's loss, that is, expenses incurred, was due to the appendectomy, and the loss was not "incident to which any of the organs not common to both sexes are treated * * *."

Judgment is affirmed.