MISSOURI, K. & T. RY. CO. OF TEXAS v. ROBERTSON. (No. 1901.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 7, 1918. Rehearing Denied Feb. 14, 1918.)

1. TRIAL ⟐═260(8)—INSTRUCTIONS—REFUSAL.

Refusal of trial court to submit affirmatively one of appellant's defenses was not ground for reversal, where such defense was substantially presented in the court's general charge.

2. EVIDENCE ⟐═128—COMPLAINTS OF PAIN.

In personal injury action against a railroad, it was error to reject testimony of plaintiff's attending physician that, during the time of treatment, plaintiff repeatedly complained of severe pain in his neck, shoulder, back, and side.

3. APPEAL AND ERROR ⟐═1058(3)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Exclusion of testimony of plaintiff's attending physician, in personal injury action, as to plaintiff's complaints during treatment, was not ground for reversal, where it was substantially covered by other testimony of the physician, who was examined fully as to plaintiff's condition, and detailed evidence of injury at the very place where evidence of plaintiff's complaints would have tended to locate pain.

4. EVIDENCE ⟐═363 — EXTRACTS FROM WORK ON SURGERY.

In personal injury action, it was proper to refuse to permit plaintiff to read in evidence ex-

---

tracts from a book written by an authority on surgery.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by W. D. Robertson against the Missouri, Kansas & Texas Railway Company of Texas. From judgment for plaintiff, both parties appeal. Affirmed.

Chas. C. Huff, of Dallas, and Schluter & Singleton, of Jefferson, for appellant. S. P. Jones, of Marshall, for appellee.

HODGES, J. The appellee recovered a judgment in the court below for the sum of $1,800 as damages for personal injuries. Both parties have appealed. Appellant seeks a reversal upon the ground that the judgment is without support in the evidence, and because of the court's refusal to give certain requested charges. The appellee complains of the rejection of proffered testimony tending to show the character and extent of his injuries; he also urges the inadequacy of the damages recovered.

In a former appeal this case was reversed and remanded, for reasons not appearing in this record. See M., K. & T. Ry. Co. v. Robertson, 189 S. W. 284. The facts there stated are not materially different from those disclosed by the record on this appeal. It is shown that Robertson, at the time of his injury, was attempting to drive his wagon and team on one of the crossings over the appellant's tracks in the city of Jefferson. There were three tracks at that point. According to appellee's evidence, a train had come in, and had been separated at the crossing in order to permit passage. He drove onto the first track, and was stopped by a warning from one of the trainmen, who called his attention to the fact that he was liable to be injured. He looked down the railroad track in the direction of the engine, observed that it was emitting smoke, and, thinking that he was in a place of danger, and that the best method of extricating himself would be to pass on over the crossing, he attempted to drive on. He, however, at the same time turned to notify his son, who was in a wagon behind, not to come on, and while in that attitude his team was frightened by the movement of a car, which caused them to make a sudden jerk, throwing him out, and causing the injuries for which he sued. The negligence alleged was in moving the cars on the crossing without ringing the bell or giving any notice. The testimony was conflicting as to whether or not the bell had been rung. Robertson testified that he discovered no warning until he was on the first track of the railway. It is unnecessary, we think, to discuss the facts at length and the law applicable to the issues presented in the appellant's first and second assignments of error, which question the sufficiency of the evidence. That was done on the former appeal.

[1] The special charges requested were properly refused. That referred to in the third assignment of error complains of the refusal of the court to submit affirmatively one of the appellant's defenses. That defense was substantially presented in the court's general charge. The appellant's assignments are overruled.

[2, 3] Appellee has presented cross-assignments, the first of which complains of the rejection of testimony from Robertson's attending physicians as to the complaints which Robertson made during the time he was being treated. It is contended that, if the witness had been permitted to testify, he would have stated that Robertson, at various times when examined, complained of severe pain in the back of his neck, his left shoulder, his back, and left side. This testimony, we think, was clearly admissible. Railway Co. v. Barron, 78 Tex. 421, 14 S. W. 698; Newman v. Dodson, 61 Tex. 91; Railway Co. v. Ayres, 83 Tex. 268, 18 S. W. 684. However, we are of the opinion that it was substantially covered by other testimony of the attending physician. He was examined fully as to appellee's condition and detailed evidence of injury at the very place where the bill of exceptions says appellee would have located pain. It is not probable that the verdict of the jury would have been different, had these complaints been admitted. The jury would naturally infer pain as the result of those injuries.

[4] Appellee also complains of the refusal of the court to permit him to read in evidence extracts from a book written by Dr. J. B. Murphy, proven to be an authority on surgery. This book was written in 1912. We think the court's ruling was proper. G., C. & S. F. Ry. Co. v. Farmer, 108 S. W. 729; Railway Co. v. Jones (Sup.) 14 S. W. 309.

We cannot say as a matter of law that the amount allowed by the jury is so inadequate as to require a reversal of this case, and the judgment is therefore affirmed.

