Cruelty to Animals, 75 N. Y. 362; Los Angeles Title Ins. Co. v. Los Angeles, 52 Cal. App. 152, 198 P. 1001; Poyer v. Des Plaines, 123 Ill. 111, 13 N. E. 819, 5 Am. St. Rep. 494.

All other questions involved in this case have been disposed of in favor of relators by the opinion of this court in Ex parte W. W. Sterling et al., supra. For the reasons there given the injunctions and all proceedings had thereunder are void. It is ordered that relators be discharged.

CURETON, C. J.

The foregoing opinion is adopted as the opinion of the Supreme Court, and relators ordered discharged.

### LOGAN v. TEXAS MUT. LIFE INS. CO.
Motion No. 10251; No. 1561—5899.

Commission of Appeals of Texas, Section A.
Oct. 13, 1932.

For former opinion, see 51 S.W.(2d) 288.

James P. Alexander and W. R. Poage, both of Waco, for appellant.

Richey & Sheehy, of Waco, for appellee.

### CRITZ, J.

Appellant calls our attention to the fact that we erroneously stated in our original opinion that appellee was incorporated in 1895, when the record shows that it was incorporated in 1905. We acknowledge the error. It is immaterial.

Appellant contends that under the provisions of article 5049, R. C. S. 1925, the application for the policy here sued on was not admissible in evidence, because not attached to the policy. This contention is overruled. It is settled that article 5049 has no application to life insurance policies issued after December 31, 1909. American National Ins. Co. v. Welsh (Tex. Com. App.) 22 S.W.(2d) 1063; First Texas Prudential Ins. Co. v. Pedigo (Tex. Com. App.) 50 S.W.(2d) 1091.

Appellant contends that appellee should be governed by articles 4732 and 4736, R. C. S. 1925, because it is so conducted as to make a profit for O. B. Parot, its president and general manager. As shown by our original opinion, appellee is incorporated as a mutual relief association, "and not for profit, and it shall have no capital stock." If it violates its charter by making a profit for its president and general manager, the state would ordinarily be the only party concerned. Certainly the appellant would have no interest in the matter.

Also in regard to the issue of profit the record shows that a certain amount is annually paid into appellee's expense fund. O. B. Parot conducts its affairs under an agreement with the board of directors by the terms of which all expenses of operation, other than his services, are first paid out of the above expense fund, and he receives the balance remaining in payment for his services. The record does not show what appellee's annual expenses are, nor the amount paid to Parot. Furthermore, it is not shown what would be a reasonable compensation for Parot's services. Such a record is not legally sufficient to raise the issue as to whether this association is being conducted for Parot's profit.

Finally, should we treat appellee as a life insurance company governed by all the provisions of articles 4732 and 4736, R. C. S. 1925, still the questions certified by the Court of Civil Appeals in this case should stand answered as recommended in our original opinion, because, as shown by the undisputed record in this case, there never was a contract of insurance between Mrs. Logan, deceased, the named insured, and appellee, the named insurer, for any statute to apply to. This mat-

ter has been fully discussed in our original opinion and we still adhere to that holding.

We have given this case unusual consideration both on original submission and on rehearing, and in our opinion it has been correctly decided. We therefore recommend that appellant's motion for rehearing be in all things overruled.