## NATIONAL MUT. BEN. ASS'N v. AARON.
### No. 1744—6192.

Commission of Appeals of Texas, Section A.
Feb. 7, 1934.

Simmons & Arnold, of Houston, for plaintiff in error.

Woodward & Gay and Hart, Patterson & Hart, all of Austin, for defendant in error.

CRITZ, Judge.

This suit was filed in the district court of Travis county, Tex., by Thomas Norton Aaron, against National Mutual Benefit Association, to recover on a policy of insurance issued to Mrs. Georgia Aaron, deceased wife of the plaintiff. Trial in the district court resulted in a judgment for Aaron for $2,057, plus 12 per cent. penalty and a $600 attorney fee. This judgment was affirmed by the Court of Civil Appeals. 45 S.W.(2d) 371. The association brings error.

■ The undisputed record shows that this association was chartered in 1905 as a mutual benefit association under the provisions of subdivision 46 of article 642, R. C. S. of Texas 1895. It is the same character of life insurance association involved in the case of Logan v. Texas Mutual Life Insurance Ass'n (Com. App. opinion adopted) 121 Tex. 603, 51 S.W. (2d) 288, 53 S.W.(2d) 299. It was there held

that the provisions of article 4736, R. C. S. of Texas 1925, relating to a 12 per cent. penalty, and a reasonable attorney fee, do not apply to associations such as this. It follows that the judgments of the two lower courts cannot stand in so far as they allow Aaron a recovery for 12 per cent. penalty and a $600 attorney fee.

■ By proper assignment the association contends that Aaron's recovery should have been limited to $1,000, plus $57 for an item not in dispute. As already shown, the recovery, not counting the penalty and attorney fee, was for $2,057. A decision of this question must depend on a proper construction of the policy in the light of the record.

The undisputed record shows that Mrs. Aaron made the usual application to this association for a $2,500 policy. Such a policy required $3 assessments. This application showed the applicant's age as 63 years. The association did not issue full policies to persons over 60 years of age. In this connection it is shown that in place of raising the assessments on applicants over 60 years of age, the association reduced the amount of the benefits.

When Mrs. Aaron's application for membership reached the association, it was out of the printed forms for $2,500 policies. It therefore used a $5,000 form and attached thereto the following rider:

"Indorsement No. 1. The benefits under this policy are reduced 50% and the assessments are reduced from $5.50 to $3.00 each. By reason of age the benefits are still reduced as outlined in indorsement No. 2.

"Indorsement. By reason of age requirement the association and the insured agree that should death occur within the first year 30% of the benefits of the policy shall be paid subject to the policy, should death occur within the second year 40% of the benefits of the policy shall be paid subject to the conditions of the policy and 50% thereafter shall be paid subject to the conditions of the policy, dated this 10th day of April, 1929, at Houston, Texas."

It is plain from the above facts that the effect and intent of the first clause of indorsement No. 1, supra, was to constitute the instrument here sued on a $2,500 policy. Mrs. Aaron died during the second year. It is therefore further evident that the amount of Mrs. Aaron's recovery must be limited to 40 per cent. of the policy, which is 40 per. cent. of $2,500.

The Court of Civil Appeals holds that the recovery should be 40 per cent. of $5,000. This holding ignores the first clause of the indorsement.

We recommend that the judgments of the Court of Civil Appeals and the district court be both reformed, so as to allow Aaron a judgment for $1,057, and as so reformed, such judgments be affirmed. The association should pay all costs in the district court, and Aaron should pay all costs in the Court of Civil Appeals and in the Supreme Court.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reformed, and as reformed are affirmed, as recommended by the Commission of Appeals.