## SOUTHWESTERN CASUALTY CO. v. LEACH.

### No. 13417.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 16, 1936.

Rehearing Denied Dec. 11, 1936.

Earl W. Gammage, of Houston, and T. B. Coffield, of Bowie, for plaintiff in error.

J. P. Simpson and John D. McComb, both of Jacksboro, for defendant in error.

BROWN, Justice.

Appellee brought suit in the district court of Jack county, on an accident and health insurance policy, issued to him by appellant on November 20, 1933, alleging that he was injured in an accident on November 23, 1933, while the contract was in full force and effect, and he seeks recovery of his monthly disability benefits, the statutory penalty and attorneys' fees, he having made due proof of his loss and demand for payment, and the denial of liability by appellant.

Appellant urged a plea of privilege, which was overruled, and, pleading to the merits, denied liability because the entire contract is composed of the application executed by appellee and the policy of insurance; that the policy contains the following provision: "The term of this policy begins at 12 o'clock noon, Standard Time, on the 15th day after date of acceptance of application against accident and on the 31st day after date of acceptance of the application against disease and ends at 12 o'clock noon on date any renewal is due"; that appellee's injury having occurred on November 23, 1933, within the fifteen days' limitation provided for, no liability has arisen.

In reply, appellee pleaded that appellant wrote appellee a letter on November 20, 1933, which was inclosed with the policy of insurance, and mailed to appellee, the contents of which are as follows:

"We are in receipt of your application for a Non-cancellable Health & Accident Insurance Policy. We want to welcome you and assure you we are pleased to have you with us as a policyholder.

"Your application has been accepted as of 11/20/33 and the enclosed policy #11696M is in full force and effect as of this date.

"The premium on the enclosed policy is paid for one month from date of the policy, or until December 20, 1933. A notice will be sent to you about fifteen days in advance of the date premiums fall due.

"Thanking you for the confidence you have shown in applying for insurance with us and assuring you we will do our best to make your dealings with this company very pleasant, we are

"Very truly yours,
"Southwestern Casualty Company
"By: M. A. Glaze."

The contention is made that this letter is a part of the contract; that appellee became insured against loss by accident or illness from the very date of the policy.

The contention is further made that the contract contains inconsistent terms and provisions, and that those most favorable to the insured—appellee—will be enforced.

The contract "insures Dave Leach * * * against loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries sustained through purely Accidental Means and against loss of time on account of disease contracted during the term of this policy. Subject, however, to all the provisions and limitations hereinafter contained."

Part B, which covers such injuries as are made the basis of appellee's cause of action, is:

"Total Accident Disability per month for Life.

"If such injuries do not result in any of the above mentioned specific losses but shall wholly and continuously disable the insured from date of accident from performing any and every kind of duty pertaining to his occupation, and so long as the Insured lives and suffers said total loss of time, the Company will pay a monthly indemnity at the rate of the amount herein specified."

Under General Provisions, paragraph 14 is as follows: "The term of this policy begins at 12 o'clock noon, Standard Time, on the fifteenth day after date of acceptance of application against accident and on the thirty-first day after date of acceptance of application against disease, and ends at 12 o'clock noon on date any renewal is due."

Other matters are raised by both parties which we will not notice, taking the view that we do of this controversy.

The cause was heard before the honorable district court without the services of a jury. Findings of fact and conclusions of law were prepared and filed, and judgment was rendered in favor of appellee awarding a recovery of all matured monthly indemnity payments, but denying a recovery of any penalty or attorney's fees, such having been waived by appellee, in open court.

The trial court found and concluded, among other matters, the following:

"I conclude that clause 14, of the general provisions in said policy, when read in connection with the general insuring clause and Part B on the first page, and clause 2, of the General Provisions, renders said policy contract ambiguous and uncertain, and that clause 14 tends to defeat and diminish the insurance granted by other provisions of said policy.

"I further conclude that said clause 14 of the General Provisions, is repugnant to, inconsistent and in conflict with, the other provisions of said policy, particularly said general insuring clause and clause Part B on the first page, and clause 2 of the General Provisions. It is a settled rule of construction of insurance contracts, that when the policy contract is ambiguous and/or uncertain, and is capable of two interpretations, the one most favorable to the insured must be adopted and the other rejected, and that the contract must be strictly construed against the company. That it is also a settled rule of construction, that where a policy contains repugnant clause as to the period covered or as to the time when the insurance was to go into effect, that it is proper to give effect to the first only, and to reject the latter which would defeat recovery. I therefore conclude as a matter of law, that clause 14 of the General Provisions, is ineffective and does not control or limit the liability of the company, and that said clause 14 should be rejected; and that the defendant is liable under said policy contract to the plaintiff for the accidental injury suffered by plaintiff on towit, November 23, 1933.

"I further conclude that the defendant company became and is liable to plaintiff to the amount of $50.00 per month, as monthly indemnity provided for in said policy, beginning November 23, 1933, the date of his accident, and that plaintiff is entitled to recover in this suit for all monthly indemnities that have accrued up to the trial of this suit, towit, the sum of $50.00 per month from November 23, 1933, up to the 23 day of March, 1935, or a period of sixteen months, together with interest at the rate of six per cent. per annum on each such monthly indemnity from the respective due dates thereof, aggregating a total amount of $834.00 and that the defendant is now liable to plaintiff in said sum and amount of $834.00 together with interest thereon from date of judgment at the rate of six per cent. per annum."

The insurer has appealed and presents a number of issues which we deem unnecessary to notice, in the opinion.

It must be conceded that, if all of the provisions of the contract are unambiguous and free from inconsistencies and conflicts, appellee is not entitled to recover, under the facts before us.

The letter of November 20, 1933, neither adds to nor subtracts from any right contended for by appellee, or any defense relied upon by appellant, except as it may bear upon the actual delivery of the policy.

We see nothing in the contention that the policy was not delivered before the injury was sustained, and we shall content ourselves with discussing the right of recovery, under the terms of the policy, and under the undisputed facts.

The quoted letter simply says: "Your policy of insurance—your contract —is in full force, as of this date."

Even so, the letter does not attempt to vary the terms and conditions of the contract.

The contract went into effect on November 20, 1933, containing the terms and provisions agreed upon by the contracting parties. We conclude that there are no ambiguities, no inconsistencies, and no conflicts in the contract.

The parties have stipulated that the insured can only receive monthly indemnity that may be occasioned by an injury received more than 15 days after the contract is consummated. The contract was consummated on the 20th day of November, and appellee was injured on the 23d of November. Under the plain provisions of his contract, appellee cannot recover in this suit. American National Ins. Co. v. Roberts (Tex.Civ.App.) 146 S.W. 326; Business Men's Accident Ass'n v. Arrington (Tex.Civ.App.) 7 S.W.(2d) 157; Home Benefit Association v. Robbins (Tex. Civ.App.) 34 S.W.(2d) 329.

We have concluded that the judgment of the trial court should be reversed, and that judgment be here rendered for appellant.

Reversed and rendered.