BANKERS' LIFE & LOAN ASS'N v. BOND.
No. 4846.

Court of Civil Appeals of Texas. Amarillo.
Jan. 31, 1938.

Bradley & Wilson, of Lubbock, and J. Frank Wilson, of Dallas, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

FOLLEY, Justice.

The appellee, Minnie O. Bond; filed this suit in the Ninety-Ninth district court of Lubbock county, Tex., against the appellant, Bankers' Life & Loan Association of Dallas County,' Tex., seeking to recover upon an insurance policy issued on July 20, 1936, upon the life of William T. Bond, husband of the appellee, in the sum of $1,000. The insured died August 13, 1936, about 23 days after the policy was issued. The appellant answered by general demurrer, a general denial, and further pleaded that it was a state-wide mutual assessment life insurance association organized under article 4859f of Vernon's Annotated Texas Civil Statutes. It further alleged that its operations were controlled by said article and the constitution and by-laws of said association.

In article 20 of the amended by-laws of the Association we find the following language: "The policy being issued without medical examination, it is provided and agreed that if death occurs, from any cause, within ninety days from date of issue * * * the liability of the Association shall be limited to the amount of premiums paid after date of issue * * * plus interest on said amount at the rate of 6% per annum."

Since the insured died within the 90-day period after the issuance of the policy, the appellant pleaded · the above clause as a complete defense to appellee's cause of ac-

tion, and tendered to plaintiff and into court the return of the premiums in the sum of $12.45, with interest as specified.

The cause was submitted to the court without the intervention of a jury, and judgment was rendered for the appellee against the appellant in the sum of $1,020, with interest at 6 per cent and for costs of suit.

The trial court filed his findings of fact and conclusions of law to the effect that the amendment quoted above had been passed by the appellant company subject to the approval of the Board of Insurance Commissioners of Texas, and that no such approval was ever had by the Insurance Commission. He further found that no constitution or by-laws were attached to the policy "as provided for in the application," and that both the appellee and the insured were without any notice of any stipulation in the constitution and by-laws limiting recovery to less than the face value of the policy sued upon. His conclusions of law were to the effect that the above amendment restricting the amount of payments less than the face value of the policy never became effective and binding upon the beneficiary or the assured and that the appellant was liable to the appellee for the full face amount of the policy with interest thereon from October 13, 1936. The appellant filed its exceptions to the trial court's findings and conclusions and excepted to the judgment as rendered by the trial court and presents all of such as error to this court.

Upon the trial of the case the appellant introduced in evidence certified copies of its original charter and an amendment thereto, its constitution and by-laws and amendments thereto. The amendment quoted above shows to have been passed on January 10, 1936, more than a year before the policy herein involved was issued. A certificate from the Board of Insurance Commissioners shows that such constitution and by-laws, and amendments thereto, were on file and part of the records of the Insurance Commission.

We think the record before us clearly discloses that the appellant is a state-wide mutual assessment life insurance association and was operating under article 4859f of Vernon's Annotated Texas Civil Statutes. The record further shows that the appellant had no capital stock, no surplus, paid no dividends, and had no funds except those derived from assessments of its members.

We think the court erred in his finding that the amendment limiting recovery for 90 days after the policy was issued had not been approved by the Board of Insurance Commissioners. This amendment was duly filed of record with the Board of Insurance Commissioners. Section 10 of article 4859f provides as follows:

"*By-Laws.* Each corporation shall submit to the Board of Insurance Commissioners a copy of its by-laws. Such by-laws shall contain all things required by this Act and shall not contain any provision in conflict with this Act. The by-laws shall provide for the periodical meetings of the membership and for special meetings, at which meetings all members shall be permitted to vote. The Board of Insurance Commissioners shall examine such by-laws, and if the same comply with the provisions of this Act shall signify their approval of same. If they shall not be in accordance with the provisions hereof, then the corporation shall make said by-laws conform hereto. Upon approval of the by-laws a copy duly certified to by the President or General Manager and the Secretary of the corporation shall be filed with the Board of Insurance Commissioners, and a copy duly certified by such Board shall be received in evidence in all the courts of this State. All policies issued by a corporation under this Act shall provide that said policy is subject to the by-laws of the corporation and all future amendments thereto. All amendments shall be filed with the Board of Insurance Commissioners in a like manner as the original by-laws."

It is evident that this statute places upon the Board of Insurance Commissioners the duty of approving the by-laws and amendments thereto before filing the same. There is no evidence in the record that the board violated such statutory duty. We think the presumption is, especially in the absence of testimony to the contrary, that such board approved the amendment before the same was filed by the board. If such amendment was not so approved, we think the burden was upon the appellee to establish such fact. In 14 C.J. 374, par. 481, we find this language: "The presumption of law is that a corporation exercises its powers according to law. Its by-laws are therefore presumptively valid, and the burden of overthrowing them is upon the party who asserts their invalidity." Such being the law, it is our opinion that the appellee has failed to prove that the amend-

ment was not approved by the board, as required by law. Allen v. Grand Lodge, K. P., State of Tennessee, etc., 20 Tenn. App. 43, 95 S.W.2d 65.

If the trial court was correct in his finding that this amendment was not approved by the board, we are of the opinion that such finding would not warrant a judgment in favor of the appellee. It is uncontroverted that the original by-laws had a stipulation to the same effect as the amendment, except the original by-laws provided that no recovery could be had upon the policy if the insured died within 45 days, instead of 90 days, after the issuance of the policy. It is also uncontroverted that the insured died within 45 days after the policy was issued. The appellee does not assert that the original by-laws were subject to the same alleged vice.

We also think the court erred in his finding that the beneficiary and the insured had no notice of any stipulation in the by-laws limiting recovery to less than the face value of the policy. The policy contained the following provisions:

"This policy together with the application for membership, copy of which is attached hereto and made a part hereof, and * * * the Constitution and By-laws and all amendments thereto, and the proof of death, shall be and constitute the entire contract between the Association and the insured. * * *

"The insured member herein named agrees by the acceptance of this policy * * * to all the terms and conditions stated herein, and the application therefor, the Constitution and By-laws now in force, or as may hereafter be amended, copy of which may be had upon request. * * *

"I have read this policy and I understand each and every condition and provision contained herein, and I, of my own accord, accept same and agree to be bound thereby."

The application for the policy signed by the insured contained the following:

"Do you also understand and agree that the contract between you and the Association is entirely in writing, and that it is limited to this application * * * the policy of insurance, and the Constitution and By-laws as they now exist or may hereafter be amended or changed." Ans. "Yes."

"I have read and examined a copy of the policy and if a policy is issued to me, I hereby agree to accept same on the terms and conditions therein contained."

We think, with the above provisions in the contract of insurance the court was not warranted in finding that the insured and the beneficiary had no knowledge of the stipulations in the by-laws limiting recovery to an amount less than the face value of the policy. We think the amendment in question was in force at the time the application was made and the policy issued. If such amendment was invalid for the reason alleged, then the original provision limiting recovery for 45 days after the issuance of the policy was certainly in force. In either event the appellee should be denied a recovery. The insured entered into the contract charged with the knowledge of the existence of such provisions. The fact that the by-laws were not attached to the policy of insurance, we think, was immaterial in this case. Even though the trial court indicated in his finding that the application for the insurance provided that the constitution and by-laws should be attached to the policy, we fail to find any such stipulation after careful examination of the application. On the other hand, the policy itself provided that the insured might, upon request, obtain a copy of the constitution and by-laws then in force, or as might thereafter be amended. Such being a stipulation in the policy itself we think it is apparent that the contracting parties understood that the constitution and by-laws, though a part of the contract by agreement, did not necessarily have to be attached to the policy. The article of the statute under which the appellant was organized and operating provided that such article should control the operations of the corporation. In section 19 of this article we find the following: "Except as herein expressly provided, no insurance law of this State shall apply to any corporation operating under this Act, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

From this provision it is apparent that the appellant should be governed by this particular statute and not by the general insurance laws of this state. Since the statute under consideration provides that all policies issued by such a corporation

1005

are subject to the by-laws of the corporation and all future amendments thereto, we think the language of the policy and application therefor, together with the language of the statute, make it conclusive that the constitution and by-laws and all amendments of the same were a part of the insurance contract and binding on the beneficiary and the insured. Modern Woodmen of America v. Shattuck, Tex. Civ.App., 266 S.W. 621; Tennison v. Home Benefit Ass'n of Hill County et al., Tex.Civ.App., 272 S.W. 280; Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S.W. 456, 288 S.W. 115, 47 A.L.R. 876; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438; Hemphill County Home Protective Ass'n et al. v. Richardson, Tex.Civ.App., 264 S.W. 294; Logan v. Texas Mut. Life Ins. Ass'n, 121 Tex. 603, 51 S.W.2d 288, 53 S.W.2d 299; National Mut. Ben. Ass'n v. Aaron, Tex. Com.App., 67 S.W.2d 855.

■ We think the provision in the by-laws limiting the recovery of a policy-holder was neither unreasonable nor contrary to law. The amendment in question was passed by the members of the association after due notice of such a meeting is shown to have been given. The amendment was passed in accordance with the then existing constitution and by-laws. A quorum of the members was present, either in person or by proxy. The resolution was read and adopted unanimously in an open meeting. Although such resolution may have operated as a hardship upon the appellee in the instant case, such resolution limiting recovery was passed by the members of the association long before the policy herein was issued. It therefore became a part of the contract and the appellee cannot escape the effect of it. American Nat. Ins. Co. v. Walker, Tex.Civ.App., 256 S.W. 950; Texas Prudential Ins. Co. v. Wiley, Tex.Civ.App., 80 S.W.2d 1024; Southwestern Casualty Co. v. Leach, Tex.Civ.App., 98 S.W.2d 1016; Richmond v. Provident Ins. Co., Tex.Civ.App., 91 S.W.2d 1180; National Mut. Ben. Ass'n v. Aaron, supra.

The judgment as entered by the trial court for the appellee against the appellant in the sum of $1,020, with interest as therein specified, is hereby reversed, and in lieu thereof judgment will be rendered that appellee recover of the appellant the $12.45 as tendered into court by the appellant, and that appellant recover of the appellee all costs of the court below and of this court.