## GENERAL LIFE INS. CO. v. POTTER.
### No. 1877.

Court of Civil Appeals of Texas. Eastland.
Jan. 27, 1939.

Bond & Porter, of Terrell, for appellant.

Harlee Morrison, of Terrell, for appellee.

GRISSOM, Justice.

Nellie Potter sued the General Life Insurance Company on a life insurance policy insuring the life of her husband, William E. Potter, deceased, seeking recovery of the amount of said policy, to-wit: $500, plus penalty and attorney's fees. The defense asserted was that at the time of the application for and issuance of the policy of insurance, and at times when the policy had lapsed for non payment of monthly premiums, that the insurance was reinstated, upon condition that deceased was then in good health, and that at all of said times deceased was in fact not in good health but was then afflicted with cancer of the lungs. As a defense to the suit for penalty and attorney's fees, the defendant alleged that defendant was a State wide mutual insurance company, operating under the provisions of Art. 4859f, Vernon's Ann.Civ.St., and that, therefore, the statute (Art. 4736, R.S., Vernon's Ann.Civ.St. art. 4736) providing for penalty and attorney's fees was not applicable to the defendant, and for that reason the defendant was not liable for the penalty and attorney's fees sued for.

Ultimate issues of fact were not submitted to the jury. The issues submitted, with the exception of issue No. 4, inquiring as to what was a reasonable attorney's fee in the case, and relative to which there was no competent evidence, consisted of either questions of law, or mixed questions of law and fact, such as: (1) Was there a legal contract of insurance entered into between defendant and deceased? (2) Was the insurance policy in effect at the time of the death of deceased? (3) Was the defendant a state wide mutual association operating under Art. 4859f, and exempt from payment of 12 per cent penalty? (5) Should plaintiff recover judgment for the full face value of the policy? All of the issues, including issue No. 4, which inquired what was a reasonable attorney's fee, were answered "Yes."

Upon the verdict of the jury, the court rendered judgment for plaintiff against defendant for $500, the amount of the policy, $60 penalty, and $175 attorney's fees.

The evidence shows conclusively that appellant is a state wide mutual insurance association, operating under the provisions of Art. 4859f. Article 4736 providing for 12 per cent penalty and attorney's fees is not applicable to the defendant. Sec. 19, Art. 4859f; Logan v. Texas Mut. Life Ins. Ass'n, 121 Tex. 603, 51 S.W.2d 288, 53 S.W.2d 299; Bankers Life & Loan Ass'n v. Chase, Tex.Civ.App., 114 S.W.2d 374. Since the evidence is conclusive that the defendant is a state wide mutual insurance association operating under Art. 4859f, and exempt from the payment of penalty provided in Art. 4736, special issue No. 3 should not have been submitted to the jury. But, if there had been a dispute in the evidence as to whether the defendant was such a state wide mutual insurance association, operating under Art. 4859f, since the jury found as a matter of fact that it was such an association and exempt from the payment of 12 per cent penalty for failure to pay the beneficiary within thirty days after receipt of proof of loss and notice of death, there could be no justification for the judgment for penalty and attorney's fees.

There is another reason why the judgment for attorney's fees was not authorized. Special issue No. 4, which inquired what amount would be a reasonable attorney's fee in the case, was answered "yes." Such answer of the jury, of course, would not authorize the judgment for $175 attorney's fees. The judgment recites that the fact that $175 was a reasonable attorney's fee was established by the "uncontradicted evidence." The only evidence called to our attention with reference to this question was evidence, properly objected to, as to what would be a reasonable contingent fee, that is, a fee contingent upon winning the case. Thus, it appears that not only was such fact not established by the undisputed evidence, but there was no competent evidence to establish what was a reasonable attorney's fee in the case. Therefore, it results that if the provisions of Art. 4736, authorizing the collection of reasonable attorney's fees, were applicable to the defendant, a state wide mutual insurance association operating un-

·der provisions of Art. 4859f, nevertheless, the introduction of ·evidence as to what would be a reasonable contingent fee, over proper objection, constitutes · error. Where applicable, Art. 4736 does not authorize recovery of a reasonable fee contingent upon winning the case, but, said article contemplates the recovery of only such a fee as would be reasonable for Mrs. Potter to pay her attorney for prosecuting her case. Southland Life Ins. Co. v. Norton, Tex.Com.App., 5 S.W.2d 767.

■■ The court erred in permitting the witness, Dr. Friddell, to read to the jury from "Cecil's Text Book of Medicine" a statement as to the usual length of life of a person afflicted with cancer of the lungs. Such evidence was objected to, among other things, as hearsay. The objection should have been sustained. "Books of science are not admissible in evidence to establish the doctrines therein affirmed." St. Louis A. & T. Ry. Co. v. Jones, Tex. Sup., 14 S.W. 309, 310. Also, see, Burt v. State, 38 Tex.Cr.R. 397, 40 S.W. 1000, 1002, 43 S.W. 344, 39 L.R.A. 305; Gulf C. & S. F. Ry. Co. v. Farmer, Tex.Civ. App., 108 S.W. 729, 732; Missouri, K. & T. Ry. Co. v. Robertson, Tex.Civ.App., 200 S.W. 1120, 1121; Galveston, H. & S. A. Ry. Co. v. Hanway, Tex.Civ.App., 57 S. W. 695, 697; San Angelo Water, Light & Power Co. v. Baugh, Tex.Civ.App., 270 S. W. 1101, 1105; Boyle v. State, 57 Wis. 472, 15 N.W. 827, 46 Am.Rep. 41.

■ The action of the court in permitting non expert witnesses, who had observed the deceased over a long period of time, to testify, in effect, that at the times defendant claimed deceased was afflicted with cancer of the lungs he was in good health so far as they knew, that he appeared to be in good health, looked healthy as usual, that he continued his work to a certain time, and the like, was not error.

In Turner v. Stoker, 289 S.W. 190, 192, writ refused, this court held that plaintiff's testimony "that he considered the injury to his jaw permanent" and "that the injury would last all his life" was admissible. That opinion cited Abee v. Bargas, Tex. Civ.App., 65 S.W. 489, where a non expert witness was permitted to testify that plaintiff was paralyzed and could not speak. Also, San Antonio Traction Co. v. Flory, 45 Tex.Civ.App. 233, 100 S.W. 200, 202, writ refused, where a non expert witness was permitted to testify that plaintiff "was

all crippled up" and that "after [she] got up out of bed she could not lift anything" and "was always suffering pain", and that "after the accident she was not half the woman she was before."

In Texas Central R. Co. v. Claybrook, Tex.Civ.App., 178 S.W. 580, 581, writ refused, it was held that the testimony of a non expert that plaintiff "looked awful bad", that she was "down in bed" and "complained of her head, hip [and] thigh" clearly was admissible.

In National Life & Accident Insurance Co. v. Muckelroy et al., Tex.Civ.App., 40 S.W.2d 1115, 1116, which was a suit to cancel an insurance policy for misstatements as to insured's health, non expert witnesses, who frequently observed the deceased, were permitted to testify, in substance, that they neither saw anything in deceased's conduct, nor heard him say anything that indicated he was suffering or in ill health, that he continued to do his usual work until a certain time, that he looked healthy, etc. Such testimony was opposed by the opinions of reputable physicians to the effect that at the time in question deceased was not in good health. The court held such testimony merely raised an issue for the decision of the jury as to the defendant's good health at the time in question. The court said: "While the opinions of experts may be strongly persuasive, they are not conclusive."

In Armour & Co. v. Tomlin, Tex.Civ. App., 42 S.W.2d 634, 638, affirmed Tex. Com.App., 60 S.W.2d 204, the court held that plaintiff was properly permitted to testify that she was in perfect health at the time of the accident. The court said: "Our courts have frequently held that a person may testify as to the state of his own health and that of others, though not experts, may testify to such condition, when they have had sufficient opportunity to observe and know the same." As authority for such decision, see Vann v. National Life & Acc. Ins. Co., Tex.Com.App., 24 S.W.2d 347, opinion by Justice Sharp. In the last cited case it was held that testimony of deceased's husband that at the time of the issuance of the policy of insurance deceased was in good health as far as he could tell, was proper.

In McCormick & Ray on Texas Law on Evidence, p. 819, the applicable rule is stated to be: "But a witness need not be expert in medical matters to give an opinion

as to observed physical condition. Our courts have been very liberal in receiving opinions of ordinary witnesses on this matter. Thus, the witness need not state all the various facts on which the opinion is based, his opinion being regarded in the nature of a shorthand statement of the facts. It may relate to the general health of the person or to a particular disease or injury. He may give his opinion as to the reality or severity of the pain manifested by another." Also, see 19 Tex.Jur. 354 et seq., American National Ins. Co. v. Walker, Tex.Civ.App., 81 S.W.2d 1061, 1062; Central Texas Mut. Life Ins. Ass'n v. Parrish, Tex.Civ.App., 23 S.W.2d 780; Payne v. Hill, Tex.Civ.App., 242 S.W. 302, 310; Galveston, H. & S. A. Ry. Co. v. Ford, Tex.Civ.App., 275 S.W. 463, 468; San Angelo Water, etc., Co. v. Baugh, Tex.Civ.App., 270 S.W. 1101, 1103.

■ But, we are of the opinion the court erred in permitting Mrs. Potter to testify, over the defendant's objection that it was an opinion or conclusion of the witness and that the witness was not an expert, that bronchial pneumonia was the cause of her husband's death. In connection therewith she testified that she possessed no special knowledge with reference to such disease; that she was not a doctor or otherwise qualified. Further, after she had so testified, her cross examination revealed that such testimony was hearsay. Thereupon the defendant moved to strike out said testimony. The motion was overruled. It should have been sustained. Whether deceased's death was caused by bronchial pneumonia, or cancer of the lungs, was not a subject upon which a non expert witness might express an opinion. We think Mrs. Potter's testimony with reference thereto should have been confined to what she observed. If the facts thus disclosed evidenced bronchial pneumonia a doctor could have so testified. Security Union Ins. Co. v. Gullett, Tex.Civ.App., 36 S.W.2d 1085, 1090; Dallas Hotel Co. v. McCue, Tex.Civ.App., 25 S.W.2d 902, 906; Houston & T. C. Ry. Co. v. Smith, 52 Tex. 178, 186; Haynie v. Baylor, 18 Tex. 498, 509; International & G. N. Ry. Co. v. Kuehn, 11 Tex.Civ.App. 21, 31 S.W. 322, 324.

■ Plaintiff alleged in paragraph 3 of her petition: "That plaintiff is a widow woman with six minor children and that deceased William E. Potter, has no other insurance with any other life insurance company, and said plaintiff is in dire need of her money and prays and requests the court to give her as quick relief as is possible under the judicial procedure of said County. Plaintiff begs and prays for as speedy a trial of said cause of action as the court procedure of this County will permit."

The exception to said paragraph should have been sustained.

■ In his closing argument to the jury, plaintiff's counsel said: "If you don't think we are entitled to a judgment in this case, we don't want it. But, Gentlemen of the Jury, in W. E. Potter's home there is a vacant seat. At the other end of the table there is a widow and sitting around that table are some children. Those children look at the head of the table and see there a vacant seat. W. E. Potter when he passed to his eternal reward, thought he had taken care of his children. He went to his eternal reward believing that those children were taken care of, believing that his widow was taken care of."

Such argument was properly objected to. Notwithstanding that when objection was made to such argument, the court stated to plaintiff's counsel, "Please confine your argument to the evidence", we think, such argument constituted error.

■ Plaintiff should not have been permitted to testify as to the number of children she and deceased had, how many were at home, how many were minors, etc. Such testimony was not relevant to any issue in the case and was prejudicial. In view of another trial, we suggest that when issues of fact are submitted to the jury that the burden of proof on such special issues should be fixed by prefacing the issues with "Do you find from a preponderance of the evidence * * *."

We think the evidence relative to the health of the deceased at the times in question was such as to raise an issue of fact for the jury. National Life & Acc. Ins. Co. v. Muckelroy, Tex.Civ.App., 40 S.W. 2d 1115.

The judgment is reversed and the cause remanded.