## LAIRD v. FORREST.

### No. 10856.

Court of Civil Appeals of Texas. San Antonio.

Feb. 19, 1941.

Rehearing Denied March 26, 1941.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellant.

Leonard Brown and E. B. Chambers, both of San Antonio, for appellee.

SMITH, Chief Justice.

O. S. Laird brought this action in a district court against John P. Forrest for usurious interest and for damages, in effect, for delay in adjusting and settling certain amounts alleged to be owing Laird. The parties will be designated as plaintiff and defendant, respectively, as in the court below.

The suit went off by dismissal after a special exception to the jurisdiction of the court over the subject matter was sustained, and plaintiff had refused to amend. Plaintiff Laird has appealed.

The case stated in plaintiff's lengthy petition may be summarized as follows: Plaintiff borrowed $30 from defendant and gave his note therefor in the usurious sum of $42.50, together with deed of trust on certain realty as security. It was stipulated in the deed of trust that defendant should have the exclusive agency to sell the realty and 5 per cent on the sale price when sold, as commission, but said purported commission was in fact additional interest on the $30 loan. Plaintiff himself procured and consummated a sale of the property for $750, represented by a vendor's lien note. Plaintiff then borrowed an additional $50 from defendant, giving his note for $72 to cover the loan with usurious interest, and also as further security, executed a written assignment of said $750 note to defendant, as collateral to secure said loan, but which instrument was by its terms an outright transfer to defendant. Through that

device defendant attempted (but later failed) to defraud plaintiff out of said $750 note by selling it for $700 cash, claiming ownership of the proceeds by virtue of the written assignment of the note to him. From November 1, 1938, plaintiff begged defendant to account to him for his share of the proceeds of the $750 note, but defendant failed and refused to do so, thereby attempting to defraud plaintiff out of said share, until November 10th, when defendant "reconsidered and finally gave plaintiff the sum of $443.65" out of said proceeds, retaining $256.35 for himself. Plaintiff further alleged in his petition, "That for the loans of $30.00 and $50.00, he was required by defendant to pay the sum of $256.35, and that $176.35 of said sum so paid represented interest unlawfully demanded and paid, whereby defendant became bound and obligated to pay plaintiff double the amount of such unlawful and usurious interest, to-wit: $352.70. That by reason of defendant selling the $750.00 note for $700.00, plaintiff sustained the further damage in the sum of $50.00."

Plaintiff prayed for $352.70, being double the amount of the alleged usurious interest paid to defendant, and $50 discount at which defendant sold the $750 note, or for the aggregate sum of $402.70, for which plaintiff prayed an accounting. And plaintiff prayed, further, "That by reason of the wrongful, oppressive, deliberate, malicious, and studied conduct on the part of the defendant in attempting to defraud plaintiff out of the $750.00 note, plaintiff suffered mental pain and anguish in the sum of $2,000.00. That defendant's conduct in attempting to defraud plaintiff out of the $750.00 note was wrongful, fraudulent, oppressive, deliberate, studied, and done for the malicious, wrongful and fraudulent purpose of cheating and defrauding plaintiff out of all or part of the money plaintiff was to receive from the sale of his equity in his real estate, and by reason thereof plaintiff was entitled to exemplary damages in the sum of $4,000.00."

So, the sum of the ultimate relief sought by plaintiff in his petition was (1) for penalty of $352.70, being double the amount of usurious interest alleged to have been paid to defendant for the loans of $30 and $50, respectively, and $50 for which defendant discounted the $750 note; (2) for damages for mental pain and suffering caused by defendant's attempted fraud, in the sum of $2,000; (3) and for exemplary damages on the latter count in the sum of $4,000.

Defendant challenged the jurisdiction of the court over the amount in controversy by special exception, which was sustained, as follows: "1. Defendant specially excepts to the petition because this court does not have jurisdiction of the amount of usurious interest sought to be recovered, amounting to $352.70, but the County Court at Law has jurisdiction of the same."

It must be conceded, of course, that the district court had no jurisdiction of the amount, only, of the penalty sought for usurious interest, which was $352.70, plus $50 on accounting. The question remains then, Did plaintiff allege a cause of action for either actual or exemplary damages in amounts which, added to the sum demanded for usurious interest, aggregated an amount within that jurisdiction, to-wit: $500?

█ We have carefully examined plaintiff's lengthy petition, and have undertaken to state its contents, in general terms, sufficiently to give its maximum effect upon plaintiff's claim of jurisdiction. It may be summarized by saying that plaintiff alleged that defendant attempted (but failed) to defraud plaintiff out of the note and deed of trust he had obtained for the realty he had sold, and attempted (but failed) to defraud plaintiff out of the proceeds from the sale of said note and deed of trust, which defendant had collected. The detailed allegations of those conclusions as to fraud show, affirmatively, that the parties each asserted a different construction upon their agreements, the very terms of which negatived plaintiff's contentions; that the delay in concluding the final settlement resulted more than otherwise from disputes between the parties as to their respective obligations to each other, and from plaintiff's contentions that he was entitled to rights actually negatived by the written agreements of the parties. And, at most, the allegations of the petition, if given the full effect intended and contended for by plaintiff, show that both alleged attempts to defraud plaintiff failed, and that the sole actionable allegations are those which set up the alleged transactions smacking of usury and for accounting.

█ In determining jurisdiction the courts may and should examine the allegations of the parties, and disregard those which do not show actionable complaints.

If, after such are eliminated from the petition, the remaining allegations do not show a course of action for an amount within the jurisdiction of the court, it is the duty of the court to dismiss the suit in the absence of effective amendment. 11 Tex. Jur. p. 741, § 27, and authorities.

The judgment is affirmed.