## PROVIDENT INS. CO. v. BROWNING.

### No. 2213.

Court of Civil Appeals of Texas. Eastland.

Dec. 12, 1941.

Percy C. Fewell, of Dallas, for appellant.

J. M. Parker, of Gorman, for appellee.

LESLIE, Chief Justice.

Mrs. Maud L. Browning, appellee, as beneficiary, sued Provident Insurance Company, a mutual insurance company, created and operating under the provisions of chapter 6, Title 78, R.C.S. of Texas (1925), art. 4784 et seq., to recover $300 as the original face value of a policy issued by that company to her father, Robert Lemuel Chamless, and also to recover $250 attorney's fees.

By way of defense, the insurance company alleged and introduced proof to show that before and after the filing of this suit the appellant admitted liability to the extent of $90.90, in settlement of the claim sued upon, and further alleged that the company finding it impossible to pay claims and maintain its solvency otherwise, it, the insurer, had necessarily and reasonably increased the premium assessments on its outstanding life policies from $1 per month for all ages for each $100 of benefits promised to a rate schedule based upon ac-

tual experience requiring the payment of $3.30 per month for each $100 of benefits, or $9.90 for $300, at said Robert L. Chamless's attained age of 85 years, and that having the option under a supplemental contract sent him to either pay $9.90 per month for $300 benefits, or continue to pay $3 per month for such benefits as that amount would purchase at the new rate, the insured Chamless elected to and did pay the old rate of $3 per month, which purchased coverage or protection in the sum of $90.90, which was tendered in settlement of appellee's claim.

A trial before the court without a jury resulted in a judgment in favor of plaintiff for the sum of $300 plus an attorney's fee of $50. The appellee evidently predicates her right to recover the $250 attorney's fee on Art. 4736, V. A. C. S. 1925, although she does not seek to recover the "12 per cent damages on the amount of such loss", also provided for in that article. In the outset the defendant excepted to the allegations of plaintiff's petition seeking recovery of attorney's fees and has properly challenged the jurisdiction of the district court to enter any order other than one dismissing the case for the want of jurisdiction.

The plaintiff's petition made the policy sued upon a part thereof. That policy contains, among others, the following provisions: "This company is organized under chapter 6, title 78, laws of Texas and this policy is subject to the conditions thereof * * *" and "The payment of the benefits herein provided for is conditioned upon its being collected by this company from assessments and other sources, as provided in its by laws."

Chapter 6, title 78, has been repealed, but section 18 of Acts 1929, 41st Legislature, First C.S., p. 90, ch. 40, as amended by Acts 1929, Second C.S., p. 99, ch. 60, § 1, incorporated in Art. 4860a—18, Vernon's Ann. Texas Civil Stats. vol. 14, p. 477, reads as follows: "Provided that such repeals and the provisions of this Act shall not apply to or affect any Company or Association of this State now doing business under the laws repealed, and they shall continue to be governed by the regulatory provisions of such laws."

■ Taking these allegations as true, the appellant insists that since it is a non profit mutual assessment insurance organization operating under provisions of said Chapter 6, it is not liable for the attorney's

fees sought to be recovered, and that the amount involved is, at most, $300, and not within the minimum jurisdictional amount cognizable in the district court.

This proposition is sound and sustained upon the authority of Logan v. Texas Mut. Life Ins. Ass'n, 121 Tex. 603, 51 S.W.2d 288; Id., 121 Tex. 603, 53 S.W.2d 299; Houston Life Ins. Co. v. Dabbs, 132 Tex. 566, 125 S.W.2d 1041; National Mut. Ben. Ass'n v. Aaron, Tex.Com.App., 67 S.W.2d 855; Pledger v. Business Men's Acc. Ass'n, Tex.Com.App. 228 S.W. 110; International Travelers Ass'n v. Bettis, Tex.Civ.App., 52 S.W.2d 1059, writ refused; Texas Mut. Life Ins. Ass'n v. Morris, Tex.Civ.App., 55 S.W.2d 146; General Life Ins. Co. v. Potter, Tex.Civ.App., 124 S.W.2d 409.

Said Chapter 6 makes no provision for the collection of attorney's fees, etc., and said Art. 4736 has no application to this type of insurance company. There are good reasons why the Legislature has not provided for the payment of penalties and attorney's fees in such cases by mutual insurance organizations, such as is the appellant. Some of these reasons are stated in the Supreme Court's opinion by Judge Critz in Logan v. Texas Mut. Life Ins. Ass'n, supra [121 Tex. 603, 51 S.W.2d 292], as follows: "Obviously the application of the above statute to this association would destroy it. It has no capital stock, no surplus, and makes no profit. * * * If the association should be required to pay a 12 per cent. penalty, and an attorney's fee, there is no provision in the charter or the contract whereby the money can be secured to pay the same, and we will not indulge the presumption that the Legislature intended to create a liability where no means are provided by law to meet it."

■ The statute referred to in the excerpt is Art. 4736, R.C.S.1925. The above authorities are to the effect that said article relates to a character of insurance company different from that of appellant. In the instant case, plaintiff's petition clearly excludes the right to attorney's fees sought to be recovered. Such allegations are a mere surplusage, without foundation in law and add nothing to the statement of the plaintiff's purported cause of action. Her suit does not amount to a claim in excess of $300. The amount of possible recovery being less than $500 it is obvious that the district court had no jurisdiction to try the cause or render any

judgment therein other than one dismissing the suit in the absence of an amended pleading stating a cause of action in that court.

It has long been a well established rule of law in this state that although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if the specific facts alleged be such as to show no cause of action as to such part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. That rule was followed by this court in Hall v. Price, Tex.Civ.App., 148 S.W.2d 881, and in that opinion many authorities from the Supreme Court and other appellate courts of this state are cited. See also Lone Star Finance Corp. v. Davis, Tex.Civ.App., 77 S.W.2d 711; Robert & St. John Motor Co. v. Bumpass, Tex.Civ. App., 65 S.W.2d 399, and Laird v. Forrest, Tex.Civ.App., 149 S.W.2d 151, writ refused.

Upon these and the authorities cited in the discussion of the first proposition herein, we conclude that the appellant's demurrer should have been sustained.

The appellant presents other interesting propositions challenging the appellee's right to the recovery of any amount other than that tendered into court. Since this court is without jurisdiction to further consider the appeal, no discussion of said propositions will be undertaken. Lone Star Finance Corp. v. Davis, Tex.Civ.App., 77 S.W.2d 711, (15, 16).

For the reasons assigned, the judgment of the trial court is reversed and the cause is here dismissed.