## DONALDSON et al. v. CLARK.

### No. 2263.

Court of Civil Appeals of Texas. Eastland.

April 17, 1942.

Rehearing Denied May 22, 1942.

H. J. Brice, of Snyder, and Nelson & Brown, of Lubbock, for appellants.

C. F. Sentell, of Snyder, for appellee.

GRISSOM, Justice.

This is a suit by D. W. Clark against C. E. and Mrs. C. E. Donaldson. Plaintiff alleged he bought certain cattle from defendants in May, 1940, with an agreement that they were to be delivered to him about June 1st; that at the time of the purchase he paid to Mrs. Donaldson $650, as a part of the purchase price, and it was agreed he would pay the balance when he received said cattle. Plaintiff alleged that about June 1, 1940, he went to defendants' ranch to receive the cattle, and was tendered a different herd of cattle, which were of a lower grade and quality and of less value; that he refused to accept the cattle tendered and demanded the return of the money paid on the purchase price, which was refused. Plaintiff sought recovery of the $650 paid to Mrs. Donaldson and damages for failure to deliver the cattle purchased. Plaintiff alleged his dealings were with Mrs. Donaldson; "that said Mrs. C. E. Donaldson had full power and authority to transact the business and to sell to plaintiff, the cattle involved, and to bind both defendants in said transaction, and that said sale was made with the knowledge and consent of the said C. E. Donaldson."

Defendants alleged the $650 paid by plaintiff was not a part of the purchase price but was paid to Mrs. Donaldson "as earnest money" to secure plaintiff's performance of his contract; that plaintiff had not performed his contract and had forfeited the $650, and Mrs. Donaldson was entitled to retain the money. Defendants alleged the contract was made with Mrs. Donaldson; that she tendered to plaintiff the cattle he bought and that plaintiff declined to take them. Defendants filed a cross-action against plaintiff, seeking damages alleged to have resulted from plaintiff's alleged breach of the contract to purchase the cattle.

On July 1, 1941, the cause proceeded to trial to the court and the parties agreed the demurrers and exceptions might be passed upon after the case had been heard on its merits. After the evidence had been heard on July 1st, further proceedings were postponed so that the attorneys might submit briefs and arguments to the court on July 18. After argument on July 18, plain-

tiff offered to file his trial amendment, whereupon defendants asked for time, and the court continued the term until July 28, so that the cause might be disposed of during said term, and thereafter on July 24 the court granted plaintiff permission to file his trial amendment, whereupon defendants filed a motion for continuance. Defendants' motion for continuance was overruled. The court rendered judgment that plaintiff take nothing against C. E. Donaldson, and that defendants take nothing on their cross-action, but rendered judgment for plaintiff against Mrs. Donaldson for $650. Defendants have appealed.

Defendants contend the court erred (1) in permitting plaintiff to file a trial amendment; (2) in overruling defendants' application for continuance, and (3) and (4) in rendering judgment against Mrs. Donaldson, because both the pleadings and evidence were insufficient to support the judgment against Mrs. Donaldson.

Plaintiff in his trial amendment alleged the cattle sold were the separate property of Mrs. Donaldson and the sale was made by her for the use and benefit of her separate estate.

Defendants' motion for a continuance alleged the filing of plaintiff's trial amendment came too late and operated as a surprise to defendants; that it completely changed plaintiff's cause of action; that it came after the evidence had closed, and the witnesses had been excused and could not be examined upon the theory of the case asserted by the trial amendment; that Mrs. Donaldson was thereby deprived of the right to allege and prove her defense, to-wit, that "at the time of the making of the alleged contract, and at the time of the alleged breach * * * she was not a sole trader; that she was not joined by her husband in making said contract, and that her said husband was not present and did not participate in or join her in any of the proceedings and happenings which it was alleged by the plaintiff in the pleadings upon which he went to trial constituted a breach of contract."

As heretofore stated, plaintiff had alleged in the petition on which he went to trial that the entire transaction and his dealings with the defendants were had with Mrs. Donaldson; that she had full power and authority to transact the business and to sell the cattle and "to bind both defendants in said transaction", and that the sale was made with the knowledge and consent of Mr. Donaldson. Prior to the filing of the trial amendment defendants had testified that the cattle were the separate property of Mrs. Donaldson; that she had a separate estate; that Mrs. Donaldson managed her own business; that Mr. Donaldson had nothing to do with her business, and had nothing to do with this transaction; that Mrs. Donaldson did not ask him about selling these cattle and he volunteered no advice on the subject, but that he was present when the sale was made and knew of it; that plaintiff's check for $650 was made payable to Mrs. Donaldson and was deposited by her to her own "personal and private account" and that Mr. Donaldson didn't get any portion of it or any benefit therefrom.

█ █ Under the circumstances we conclude the court did not abuse his discretion in permitting the filing of the trial amendment. National Mut. Ben. Ass'n v. Aaron, Tex.Civ.App., 45 S.W.2d 371, 374, modified and affirmed Tex.Com.App., 67 S.W.2d 855; Upham Gas Co. v. Veasey, Tex.Civ.App., 28 S.W.2d 233, 235. We further conclude the court did not err in overruling defendants' motion for a continuance. We cannot understand how the filing of the trial amendment, alleging that the cattle were the separate property of Mrs. Donaldson and that the sale was made for the use and benefit of her separate estate, could have operated as a surprise to the defendants or how they could have expected to prove the contrary. Defendants themselves, prior to the filing of the trial amendment, had definitely and voluntarily testified in answer to questions propounded by their own counsel to the very facts alleged in the trial amendment.

█ We also overrule the contentions that the judgment is not supported by the pleadings or evidence. So far as the merits of the case are concerned, the issue as to a breach of the contract or not was simply a question of fact; that is, whether Mrs. Donaldson tendered to plaintiff the cattle he bought. She said she did. Plaintiff said she did not. That question has been determined adversely to Mrs. Donaldson. The decision upon this question finds support in the testimony and is binding upon this court.

Article 4614, R.S.1925, Vernon's Ann.Civ.St.Art. 4614, provides: "The wife shall have the sole management, control, and disposition of her separate property, both real and personal * * *." This article requires that the wife be joined by her husband in a conveyance or encumbrance of her lands and in the transfer of her stocks and bonds, but there is no intimation that she need be joined by her husband in the sale of her separate personal property of the character here involved.

Mrs. Donaldson not only failed to allege coverture as a defense but both defendants affirmed her contract for the sale of cattle to plaintiff and filed a cross-action against plaintiff for damages for its alleged breach. Under such circumstances, having personally received and appropriated the $650, she cannot avoid liability for its re-payment. Harris v. Ware, Tex.Civ.App., 93 S.W.2d 598, writ refused.

The judgment is affirmed.